IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| MACK TRIMBLE, JR., | : | |
| Plaintiff | : | |
| VS. | : | CIVIL ACTION NO.: 7:09-CV-55 (HL) |
| CAROLYN M. BRAZEL, | : | |
| Defendant | : | **ORDER** |

Plaintiff **MACK TRIMBLE, JR**, an prisoner at Johnson State Prison in Wrightsville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

## *I. REQUEST TO PROCEED IN FORMA PAUPERIS*

Plaintiff has paid the initial partial filing fee as ordered by the Court. Hereafter, plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of plaintiff shall forward said payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where plaintiff is confined.

## *II. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at

any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id*.

### III. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff complains that he is currently serving a life plus ten years sentence "following an illegal arrest, indictment, trial, and conviction . . . in the Superior Court of Colquitt County." Plaintiff states that he has been waiting three years from the date of judgment (March 2006) for the trial judge to schedule a hearing related to his motion for new. Due to the delay, plaintiff states he mailed a writ of mandamus to the Colquitt County Superior Court on January 22, 2009.

According to plaintiff, the clerk of court, Carolyn M. Brazel, should have filed the mandamus within five days of the court's receipt of the document. However, she did not file the action until February 10, 2009. Plaintiff complains about this nineteen day delay in filing his mandamus.

However, it appears that plaintiff has received the relief he presumably requested in the mandamus. Specifically, plaintiff explains that on February 5, 2009, he learned that an attorney had been appointed to represent him in his motion for new trial and a hearing had been scheduled for June 8, 2009.

It appears that plaintiff's only complaint is that it took the defendant, Carolyn Brazel, nineteen days to file his mandamus. However, plaintiff fails to explain, and the Court fails to see, how plaintiff was injured by this short delay in filing. The United States Supreme Court has explained that "prisoners have a constitutional right of access to the courts." **Bounds v. Smith**, 430 U.S. 817, 821 (1977). However, to have standing to seek relief a plaintiff must show actual injury. A plaintiff must "demonstrate that a nonfrivolous legal claim ha[s] been frustrated or . . . impeded." **Lewis v. Casey**, 518 U.S. 343, 353 (1996). Even if the clerk took nineteen (as opposed to five) days from receipt of the mandamus to file the action, plaintiff has not shown how he was injured by the delay.

Therefore, plaintiff's 42 U.S.C. § 1983 action must be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this 10th day of June, 2009.

>      *s/   Hugh Lawson*
> HUGH LAWSON
> UNITED STATES DISTRICT JUDGE

lnb